1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  --------------------------------------x
3  UNITED STATES OF AMERICA,
4                                    23 MJ 5377
5      -vs-
                                  INITIAL PRESENTMENT
6  ELIEZER TILSON,
7                                Defendant.
8  --------------------------------------x
9                                United States Courthouse
10                               White Plains, New York
11                               July 24, 2023
12
   Before, THE HONORABLE VICTORIA REZNIK, Magistrate Judge
13
14 A P P E A R A N C E S:
15 DAMIAN WILLIAMS
       United States Attorney for the
16     Southern District of New York
   BY:  JAMES F. McMAHON
17     Assistant United States Attorney
18 REED SMITH, LLP
   BY:  MARK E. BINI
19     KAELA DAHAN
       Attorneys for Defendant
20
21
22
23
24
25 *Proceedings recorded via digital recording device*

1          THE DEPUTY CLERK:  In the matter of United States
2   versus Tilson, case number 23 MJ 5377.
3          Starting with the attorney for the government, would
4   you please note your appearance for the record?
5          MR. MCMAHON:  Yes.  Good afternoon, Your Honor.  James
6   McMahon, Assistant U.S. Attorney for the United States.
7          THE COURT:  Good afternoon.
8          MR. BINI:  Good afternoon, Your Honor.  Mark Bini,
9   Kaela Dahan from Reed Smith for the defendant, Mr. Eliezer
10  Tilson.
11         THE COURT:  Mr. Tilson, my name is Magistrate Judge
12  Reznik.  You can remain seated for this portion.  I understand
13  that you already were presented before a judge in Seattle, and
14  so much of what I will say today might sound redundant, but
15  since this is your first appearance here in the Southern
16  District of New York, I want to make sure that I advise you of
17  all of your rights as required under the law, so bear with me.
18         THE DEFENDANT:  Understood.
19         THE COURT:  I want to advise you that this is not a
20  trial, and you will not be called upon to answer or plead to any
21  charges at this time.  This proceeding is called an initial
22  appearance.  The purpose of today's proceedings is to advise of
23  you of your rights, inform you of the charges against you, and
24  determine whether bail should be set that may allow you to be
25  released, and if so, what that bail should be.

```
 1            I am now going to explain certain constitutional
 2  rights that you have.  You have the right to remain silent at
 3  this and at every stage of the proceedings.  Any statement that
 4  you do make may be used against you.  You have this right to
 5  remain silent even if you have already made statements to law
 6  enforcement officers, and you are not required to answer any
 7  questions that law enforcement officers ask you from this moment
 8  on.  For that reason, I suggest that you consult with your
 9  attorney before you answer any questions that you may be asked.
10  Do you understand?
11            THE DEFENDANT:  Yes.
12            THE COURT:  Ms. Altimari, will you please place the
13  defendant under oath or affirmation, please?
14            (Defendant sworn)
15            THE COURT:  You are under oath now.  It is important
16  for you to understand that if you knowingly make a false
17  statement during this proceeding, you could be subject to
18  prosecution for perjury or for making a false statement to the
19  Court, and you could face a punishment of up to five years in
20  prison and a $250,000 fine if convicted of those offenses.  This
21  punishment would be separate and apart from any sentence that
22  you may be facing on the crime charged in the complaint.  Do you
23  understand that?
24            THE DEFENDANT:  Yes.
25            THE COURT:  It is also important for you to understand
```

1 that any false statement that you make during this proceeding,

2 as well as any false statement that you may have made to

3 pretrial services may be used against you at trial if there is a

4 trial in this case, and if you decide to testify at trial.  Do

5 you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  What is your full name?

8          THE DEFENDANT:  Eliezer Tilson, Eliezer Yitzak Tilson.

9          THE COURT:  How old are you?

10          THE DEFENDANT:  I am 36.

11          THE COURT:  Do you have any difficulty reading,

12 writing, speaking or understanding English?

13          THE DEFENDANT:  No, ma'am.

14          THE COURT:  How far did you go in formal school?

15          THE DEFENDANT:  I finished high school and college as

16 well.

17          THE COURT:  And have you taken or used any mind-

18 altering drugs, alcohol or medication in the last 24 hours?

19          THE DEFENDANT:  No, ma'am.

20          THE COURT:  Are you sufficiently clear in your mind to

21 be able to understand today's proceedings?

22          THE DEFENDANT:  Yes.

23          THE COURT:  If you have made any statements to

24 pretrial services that you would like to correct or add to in

25 any way, you should discuss that with your attorney so that the

072423                          Proceedings

1  record can be corrected.  Do you understand that?

2          THE DEFENDANT:  Yes, I do.

3          THE COURT:  Mr. Bini, are there any corrections or

4  additions to be made to the pretrial services report?

5          MR. BINI:  No, Your Honor.

6          THE COURT:  Mr. McMahon, can you provide me with the

7  original time and date of the arrest just so I have it for the

8  record?

9          MR. MCMAHON:  Defendant appeared voluntarily here

10 today, and I imagine probably arrived at the courthouse sometime

11 this afternoon.

12         THE COURT:  Okay.  Mr. Tilson, you have the right to

13 be represented by an attorney during all court proceedings,

14 including this one, and during all questioning by the

15 authorities.  You also have a right to consult with your

16 attorney prior to answering any questions.  Do you understand

17 that?

18         THE DEFENDANT:  Yes, I do.

19         THE COURT:  You have the right to retain an attorney

20 of your own choosing as you have done here.  If you become

21 unable to afford the services of Mr. Bini, you may apply to the

22 Court for appointment of counsel, and if the Court determines

23 that you are unable to afford an attorney, one will be appointed

24 to represent you without cost to you.  Do you understand that?

25         THE DEFENDANT:  Yes.

072423                          Proceedings

```
 1            THE COURT:  If you are not a United States citizen,
 2   you have the right to request that a government attorney or a
 3   law enforcement officer notify a consular officer from your
 4   country of nationality that you have been arrested.  I see from
 5   the pretrial services report you are a dual citizen of the
 6   United States and Israel; is that correct?
 7            THE DEFENDANT:  Correct.
 8            THE COURT:  Okay.  You are entitled to have the United
 9   States government notify the consulate of Israel of your arrest,
10   and the consulate of Israel may be able to assist you in this
11   matter.  It's up to you whether or not you want to seek that
12   help.  You may ask the United States government to notify your
13   consulate now or you may ask them at any time in the future
14   while this case is ongoing.  Do you have any wish to have the
15   United States government notify your consulate at this time?
16            THE DEFENDANT:  Not at this time.
17            THE COURT:  Okay.  I have before me the complaint
18   containing the charges against you, Mr. Tilson.  The charges
19   include one count of securities fraud in violation of Title 15
20   U.S.C. Section 78j(b) and 78f(f), Title 17 CFR Section 240.10
21   (b)(5) and Title 18 U.S.C. Section 2.
22            Have you received a copy of the complaint?
23            THE DEFENDANT:  Yes, I have.
24            THE COURT:  Did you have an opportunity to review the
25   complaint with your counsel?
```

1              THE DEFENDANT:  Yes.

2              THE COURT:  Do you understand the charges against you?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Mr. Bini, have you received a copy of the

5    complaint and reviewed it with your client?

6              MR. BINI:  Yes, Your Honor.

7              THE COURT:  Are you satisfied that Mr. Tilson

8    understands the charges?

9              MR. BINI:  Yes, Your Honor.

10             THE COURT:  Does Mr. Tilson waive the public reading

11   of the complaint?

12             MR. BINI:  Yes, we will waive public reading of the

13   complaint.  Thank you, Your Honor.

14             THE COURT:  Thank you.

15             So, Mr. Tilson, you have a right to a preliminary

16   hearing at which the government would have the burden of

17   establishing that there is probable cause to believe that the

18   crime for which you are being charged has been committed, and

19   that you are the person who committed it.  If you are in

20   custody, you will have the right to have the preliminary hearing

21   within 14 days.  If you are not in custody, you have the right

22   to have that hearing within 21 days.  A preliminary hearing will

23   not take place if the government presents your case to a grand

24   jury and obtains an indictment on or before the date of the

25   preliminary hearing.

```
 1              In addition, you have the right to waive a preliminary
 2   hearing or to consent to an extension of time for that hearing,
 3   and by doing so you do not give up any defenses or other rights
 4   you may have.  However, you should not waive or consent to an
 5   extension of time until you have had an opportunity to discuss
 6   the matter with your attorney.  Do you understand that?
 7              THE DEFENDANT:  Yes, I do.
 8              THE COURT:  Have the parties agreed to a date for
 9   preliminary hearing, Mr. McMahon?
10              MR. MCMAHON:  I believe the defense is going to waive
11   it.
12              MR. BINI:  Yes, Your Honor.  We would waive the
13   preliminary hearing and ask for a -- for this Wednesday out we
14   can have for the next hearing date to permit the time so that we
15   can speak to the government.
16              THE COURT:  All right.  Ms. Altimari, can you set a
17   date, then?
18              THE DEPUTY CLERK:  Yes, that is August 23rd.
19              THE COURT:  Okay.  I will next hear from the
20   government as to bail detention or release?
21              MR. MCMAHON:  Yes, Your Honor the parties have agreed
22   on a bail package to propose to the Court that the defendant
23   would be released on a $200,000 bond to be cosigned by two
24   financially responsible persons.  The defendant could be
25   released today on his own signature.  He has provided the names
```

072423                              Proceedings

1  of two potential sureties.  We will interview them and, assuming

2  they are acceptable, they could sign by close of business

3  Wednesday.

4           In addition, we would propose the following additional

5  conditions, and what I am going to be doing is just following

6  the pretrial services report.

7           THE COURT:  You are looking at the addendum?

8           MR. MCMAHON:  Yes, the addendum drafted by pretrial

9  services here in the Southern District.

10          THE COURT:  Okay.

11          MR. MCMAHON:  First, that the defendant be supervised

12 by pretrial services as directed; that he have standalone

13 monitoring enforced by GPS location monitoring; that he

14 surrender all travel documents and make new -- no new

15 applications for travel documents; that he maintain his

16 residence as directed by pretrial services and make no

17 residential changes without prior approval of pretrial services;

18 that his travel be restricted to the Southern and the Eastern

19 Districts of New York and the Western District of Washington and

20 points in between for the purposes of travel; that he refrain

21 from contacting the victims and witnesses of this investigation.

22          I would note that that condition obviously would not

23 apply to counsel; that he not solicit money from investors; that

24 he refrain from the use or unlawful possession of narcotic drugs

25 that are in the schedule, and that he not possess a firearm,

1  destructive device or other weapon, and refrain from residing in

2  a residence where firearms are present.

3          THE COURT:  And in terms of maintaining a residence,

4  Mr. Bini, where will Mr. Tilson be residing?

5          MR. BINI:  In the short term, Your Honor, he will

6  continue to reside in Seattle at his mother-in-law's residence.

7  However, we believe -- and he is investigating -- moving to the

8  District to reside with his uncle, Dr. Don Zwickler, in Rockland

9  County, which is in the area where Mr. Tilson grew up in, and we

10  anticipate that that would be in the short term because

11  Mr. Tilson's wife is 19 weeks pregnant with their fourth child,

12  so she would want to move in the near term.  If that does occur,

13  we will of course apply to move his residence from the

14  mother-in-law's in Seattle, which is where he is now, to

15  Rockland County.

16          THE COURT:  So then that would be run by pretrial

17  services and have to be approved by them in advance, and you

18  understand that?

19          MR. BINI:  Yes, Your Honor.  And we have already

20  discussed that with them this morning.

21          THE COURT:  Understood.  Do you have any other

22  additions or comments to be made to the bail conditions that

23  Mr. McMahon outlined?

24          MR. BINI:  No, Your Honor.  We agree with those bail

25  conditions, and would ask that those be entered here.

072423                          Proceedings

 1          THE COURT:  Have all the travel documents already been
 2  surrendered?
 3          MR. BINI:  The travel documents have been surrendered.
 4          And I guess the only other thing -- I don't know if
 5  AUSA McMahon had mentioned we had discussed a $200,000 surety.
 6          MR. MCMAHON:  Yes.  200,000.  Yes.
 7          THE COURT:  All right.  There is probably nothing to
 8  be added by the pretrial officers, and I think they are adopting
 9  all the conditions that you set out in the addendum; is that
10  right?
11          PRETRIAL SERVICES OFFICER:  Yes, Your Honor.
12          THE COURT:  Okay.  Thank you.  So based on my review
13  of the complaint, the pretrial services report, and the
14  agreement of counsel, I will accept the bail, the proposed bail
15  package and recommendation.  Mr. Tilson will be released on his
16  own signature today.  The conditions that we would adopt are the
17  ones that are set out in the pretrial services addendum dated
18  July 24th.  And just to be clear, those conditions for the
19  record will include a bond for $200,000 cosigned by two
20  financially responsible persons to be received by close of
21  business on Wednesday.  Additional conditions include:  Pretrial
22  services supervision as directed, standalone monitoring enforced
23  by GPS location monitoring.  Mr. Tilson is to surrender all
24  travel documents and make no new applications.  Mr. Tilson is to
25  maintain his residence as directed by pretrial services and to

1  make no residential changes without prior approval of pretrial

2  services.  It's understood by the Court that that means

3  Mr. Tilson will currently reside in Seattle, Washington at the

4  address indicated in the pretrial services report, and if at

5  such time he wants to move to New York, he will make an

6  application to pretrial services.

7          Mr. Tilson's travel will be restricted to the Western

8  District of Washington and the Southern and Eastern Districts of

9  New York and points in between for purposes of travel.  He is to

10 refrain from contact with victims and witnesses in this

11 investigation.  He shall not solicit monies from investors.  He

12 shall refrain from use or unlawful possession of a narcotic drug

13 or other controlled substance defined in 21 U.S.C. 802 unless

14 prescribed by a licensed medical professional, and he is not to

15 possess a firearm, destructive device or other weapon, and he is

16 to refrain from residing in a residence where firearms are

17 present.

18         Is there anything I missed or that you would like to

19 add, Mr. McMahon?

20         MR. MCMAHON:  No, Your Honor.  Thank you.

21         THE COURT:  Mr. Bini?

22         MR. BINI:  No, Your Honor.

23         THE COURT:  Okay.  Great.

24         During the period of your release, you will be subject

25 to the supervision of pretrial services.  When the pretrial

1   services officer tells you to do something, you have to do it.

2   The pretrial officer is acting as an arm of the Court, and if

3   the pretrial officer tells you to do something, that is the same

4   as if I or any other judge in this courthouse were telling you

5   to do it.  If the officer tells you to come to his or her office

6   at a particular time and place on a particular day, you have to

7   do that.  If the officer tell you to call at a particular time

8   on a particular day, you must do that.  If you fail to follow

9   the officer's instructions, you will be violating your bail

10  conditions.  If you think that the pretrial services officer is

11  asking you to do something inappropriate, you simply can't

12  refuse to follow the instructions.  If that happens, you should

13  contact your attorney, Mr. Bini, and your attorney will then

14  contact the Court, and the Court will decide whether or not what

15  the pretrial services officer has told you is appropriate.  Do

16  you understand that?

17          THE DEFENDANT:  Yes, I understand.

18          THE COURT:  If you commit an offense while you are on

19  release for this charge, you will face additional sentencing for

20  having committed an offense while on release; that is in

21  addition to what you are facing on this charge and in addition

22  to what you may be facing on the new charge.  If you commit a

23  felony while you are on release for this charge, you may be

24  subject to an additional prison term of up to ten years.  If you

25  commit a misdemeanor while you are on release, you may be

072423                              Proceedings

1  subject to an additional prison term of up to one year.  This

2  additional term of imprisonment will be served after any other

3  sentence of imprisonment is completed.  You must also inform the

4  pretrial services officer if you are accused of committing a

5  crime whether it is by arrest, interview or otherwise.  Do you

6  understand that?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  While you are on release, your travel is

9  restricted to the Southern and Eastern Districts of New York and

10  the Western District of Washington, and you must obtain the

11  Court's permission before you may travel outside those areas for

12  any reason.  Do you understand that?

13         THE DEFENDANT:  Yes.

14         THE COURT:  If you fail to appear in court has

15  required or if you violate any of the conditions of your

16  release, a warrant will be issued for your arrest.  You and

17  anyone who signed the bond will each be responsible for paying

18  its full amount, that is $200,000.  And you may be charged with

19  the separate crime of bail jumping which can mean additional

20  prison time or a fine.  Do you understand that?

21         THE DEFENDANT:  Yes.

22         THE COURT:  While you are awaiting trial I must also

23  warn you not to have any contact with or engage in any

24  intimidation of potential or designated victims, witnesses or

25  jurors.  You are not to engage in any intimidation of any court

1  officer, and not to engage in any conduct that would obstruct

2  any investigation by law enforcement.  Do you understand that as

3  well?

4            THE DEFENDANT:  Yes, I do.

5            THE COURT:  Okay.  Is there anything else that needs

6  to be addressed today, Mr. McMahon?

7            MR. MCMAHON:  No, Your Honor.  Thank you.

8            THE COURT:  Mr. Bini?

9            MR. BINI:  No, Your Honor.

10           THE COURT:  Okay.  Then this matter is adjourned.  I

11  wish you luck, Mr. Tilson.

12           THE DEFENDANT:  Thank you, Your Honor.

13                   -o0o-

14

15

16

17

18

19

20

21

22

23

24

25